## MURRAY v. OLIVER et al.

### No. 2403.

Court of Civil Appeals of Texas. Beaumont.
June 13, 1933.

Rehearing Denied June 21, 1933.

Sanders & McLeroy, of Center, and Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Lane & Lane, of Center, for appellees.

COMBS, Justice.

This appeal is from a judgment overruling a plea of privilege.

The appellees J. T. Oliver and wife, Effie Oliver, instituted this suit as plaintiffs in the district court of Shelby county, Tex., against

C. L. Murray, R. G. Claer, and Beacon Oil & Refining Company, as defendants. Plaintiffs alleged that defendants Murray and Claer are residents of Rusk county, Tex., and that the defendant Beacon Oil & Refining Company is a Texas corporation, having its office and place of business in the town of Henderson, Rusk county, Tex. Plaintiffs alleged that the defendant Beacon Oil & Refining Company was engaged in the refining and distribution of petroleum products and of crude oils and that one of its agents for the delivery of the refined and crude oils was the defendant R. G. Claer, who owned a string of trucks specially equipped for the delivery of said petroleum products, and that the defendant C. L. Murray was in the employ of the defendant R. G. Claer; that on November 15, 1931, the defendants were engaged in the delivery of crude oils from the plant of the Beacon Oil & Refining Company at Henderson to an oil well being drilled in Shelby county, Tex., in a truck alleged to have been owned by defendant R. G. Claer and being driven by the defendant C. L. Murray; that on that date an accident occurred in Shelby county, Tex., near the Walnut Grove Church; that a Chevrolet truck owned by the plaintiff was parked off the highway, and that the defendant C. L. Murray, operating the truck of the defendant Claer, in transporting the oil of the defendant Beacon Oil & Refining Company, started down an incline in the public road that leads by the Walnut Grove Church, and that said truck was traveling at a high rate of speed; that said truck so operated by the defendant Murray ran off the highway and into the Walnut Grove churchyard and was steered by the defendant Murray into the truck of the plaintiffs, colliding with plaintiffs' truck and damaging it and seriously and painfully injuring the plaintiff Effie Oliver, who was sitting in the truck at the time of the collision. The prayer is for damages, actual and exemplary, aggregating $20,250.

The defendant C. L. Murray seasonably filed his plea of privilege in statutory form, asking that the suit be transferred to the district court of Rusk county, Tex., the county of his residence. The defendant R. G. Claer also filed a plea of privilege to be sued in one of the district courts of Wichita county, Tex., the county of his residence. The court's action in overruling that plea is made the basis of a separate appeal.

Both pleas were controverted by the plaintiffs. Plaintiffs made their petition a part of their controverting affidavit and alleged that the said C. L. Murray committed a trespass in Shelby county, Tex., within the provisions of subdivision 9, art. 1995, R. S. 1925, giving rise to the cause of action alleged, in that the plaintiffs' injuries occurred as the direct and proximate result of the negligence of the defendants in the following respects: (a) In driving the truck at an excessive and dangerous rate of speed; (b) in deliberately turning the truck off of the highway and steering it into plaintiffs' truck; and (c) in driving the truck upon the public highway without it being equipped with adequate brakes. These acts of negligence, along with several others, were alleged by plaintiffs in their original petition. On the hearing plaintiffs introduced evidence in support of the matters alleged in their controverting affidavit and at the conclusion of the evidence the trial court entered an order overruling the plea of privilege.

 The appellants contend, first, that the evidence is insufficient to raise the issue that the accident occurred as the result of either act of negligence alleged in the controverting affidavit; and, secondly, that the acts pleaded constituted passive negligence only and not a trespass within the purview of the venue statute. We think the court properly overruled the plea of privilege. In the first place, plaintiffs' evidence raised the issue that the truck being operated by the defendant Murray was being driven at a dangerous and negligent rate of speed. Plaintiff Oliver testified that his truck was parked some ten steps from the road; that he saw the defendant Murray coming toward his truck just before he struck it and that he was driving at a speed of thirty-five or forty miles per hour; that defendant's truck was coming down an incline and was loaded and that it struck his truck with such force that it threw the plaintiff Effie Oliver against the side of the cab of the truck and injured her to such an extent that a doctor was summoned. D. L. McKenzie, witness for the plaintiffs, also testified that the truck driven by defendant Murray was traveling at a high rate of speed for a truck, that the truck was traveling at such a rate of speed that it excited the people who saw it coming and that it struck the Oliver truck with great impact, and after striking the Oliver truck it continued on and struck a big oak tree and went on and struck another tree before it stopped. Plaintiff Oliver also testified that, while he did not know what was in C. L. Murray's mind, he did steer his truck out of the road and into plaintiff's truck upon the churchyard, and that there was a passageway on either side of plaintiffs' truck through which the defendant could have driven his truck, and that Murray was at the wheel and steering the truck at the time of the collision. The defendant offered no testimony.

That this evidence raised an issue as to the commission of a trespass in Shelby county, Tex., is, we think, too clear for argument. Negligent driving of a motor vehicle at an excessive and dangerous rate of speed is a positive act of negligence, and the injury resulting from such negligence is a trespass within the meaning of the venue statute. Scott v.

Carlos (Tex. Civ. App.) 13 S.W.(2d) 957; Rogers v. Alexander (Tex. Civ. App.) 289 S. W. 1070; De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402.

The evidence also raised the issue that the defendant was operating his truck upon the highway without it being equipped with adequate brakes. Plaintiff J. T. Oliver testified that the truck driven by defendant Murray was loaded, that it had no brake rods on it, and that the emergency brake had no lining. On cross-examination defendants' counsel developed from him that defendant Murray immediately after the accident claimed that he tried to hold the truck as he came down the hill by shifting into low gear and that the gear stripped and the truck got away from him. It was also shown by this witness that he observed after the accident that the driving gears on the truck had dropped out of the housing and the drive shaft was hanging down. The driving of a heavily loaded truck upon a public highway without having it equipped with adequate brakes is not a mere negligent omission of duty. Such act consists not merely in the failure to equip the truck with adequate brakes, but involves the negligent operation of it in such unsafe condition, which is a positive act of negligence. Moreover, it is a violation of the penal statutes (Penal Code, art. 799); and venue over the defendant who was driving the truck is conferred by subdivision 9, art. 1995, R. S. 1925, on the ground that the suit is based on an "offense" committed in the county where the suit is brought.

The judgment of the trial court is affirmed.