## EDWARDS v. HAWKINS.
### No. 1552.

Court of Civil Appeals of Texas. Waco.
Jan. 10, 1935.

Archie D. Gray, of Austin, for appellant.

L. D. Johnston, J. L. Gammon, and G. Goodwin Sweatt, all of Waxahachie, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the court overruling appellant Edwards' plea of privilege to be sued in the county of his residence. Appellee alleged, in substance, that on March 4, 1933, he was operating a motorcycle in a northerly direction on highway No. 6 near the city of Waxahachie in Ellis county; that appellant, operating an automobile, approached him from the rear; that while so operating said car, in a reckless and negligent manner and without exercising proper care for the safety of others using said highway, appellant willfully and negligently drove said car against appellee and the motorcycle which he was riding, and thereby committed a trespass upon his person. Appellant filed a plea of privilege in statutory form. Appellee thereupon filed a controverting affidavit, in which he claimed venue in Ellis county on the ground that his suit was based upon an actual trespass upon his person committed by appellant in said county. Appellee made his petition a part of such affidavit. Appellant excepted to the controverting affidavit, which exception was overruled. The court thereupon heard the testimony and overruled the plea.

### Opinion.

Appellant assails the sufficiency of appellee's allegations and the testimony introduced by him in support thereof to show an actual trespass within the meaning of subdivision 9 of article 1995 of our Revised Statutes, which permits a suit based upon a trespass to be brought in the county in which such trespass was committed. The substance of appellee's pleadings has been hereinbefore recited. His testimony showed, in substance, that he was operating a motorcycle with a side car attachment; that he was on his right-hand side of the road and traveling at the estimated rate of 25 miles per hour; that he heard no signal and did not know that any one was approaching from the rear; that appellant drove his car against his motorcycle and that he was thrown therefrom by the force of the impact; that appellant was about 300 yards beyond him when he stopped and returned to the scene. Appellee's testimony further showed that the highway was concrete and straight at that point; that marks on the concrete showed that the motorcycle was dragged about 100 yards and turned over two or three times.

■ Our Supreme Court has held that the word "trespass," as used in the subdivision of our venue statute here under consideration, was intended to embrace actions for such injuries as result from wrongful acts, either willfully or negligently committed, as distinguished from such injuries as result from a mere omission to do a duty. Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 26, 16 S. W. 645; Austin v. Cameron & Co., 83 Tex. 351, 353, 18 S. W. 437; Wettermark v. Campbell, 93 Tex. 517, 523, 56 S. W. 331; Hill v. Kimball, 76 Tex. 210, 215, 216, 13 S. W. 59, 7 L. R. A. 618. See, also, Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162, 163, pars. 1 and 2, and authorities there cited; Frnka v. Beaumert (Tex. Civ. App.) 290 S. W. 808, 809; 26 R. C. L. p. 756, § 2; 63 C. J., p. 888 et seq., §§ 4 to 7, inclusive.

■■ The burden is on the plaintiff seeking to establish actionable negligence against the defendant to allege and prove the facts surrounding and leading to the accident. If, from the facts so shown, a jury may reasonably infer negligence proximately causing the injury, he has discharged such burden. Negligence, unless statutory, is usually an inference to be drawn from the testimony. While ordinarily some antecedent act or omission is charged to have constituted negligence and to have caused the injury, sometimes the very act which inflicts the injury, in view of the situation of the parties and the attending circumstances, is sufficient in itself to justify an inference of negligence and to support such a finding. In this case the negligence charged against appellant was active and personal. He was operating the car which overtook and collided with the motorcycle on which appellee was riding. Appellee by his testimony affirmatively exculpated himself from any act contributing to the accident. A person exercising ordinary care in the operation of a car on a public highway does not ordinarily overtake and collide with another vehicle traveling on the proper side of the road and at a reasonable speed. Such an unusual accident, in the very nature of things, suggests negligence. Appellee's allegations and proof showed more than a mere collision and resulting injury. They showed the character of the accident and such circumstances attending the same as to justify an inference of negligence on the part of appellant. T. & N. O. Ry. Co. v. Crowder, 63 Tex. 502, 503 et seq.; McCray v. G., H. & S. A. Ry. Co., 89 Tex. 168, 169 et seq., 34 S. W. 95, and authorities there cited; Fort Worth & D. C. Ry. Co. v. Stalcup (Tex. Civ. App.) 167 S. W. 279, 282, par. 1 (writ refused); St. L., S. F. & T. Ry. Co. v. Cason, 59 Tex. Civ. App. 323, 129 S. W. 394,

396 et seq.; 45 C. J., p. 1196, § 769, and p. 1200, § 771.

The negligent operation of a car resulting in striking and injuring the person or property of another constitutes a trespass. Frnka v. Beaumert, supra; Claer v. Oliver (Tex. Civ. App.) 62 S.W.(2d) 354; Stone v. Kerr (Tex. Civ. App.) 62 S.W.(2d) 357, 358, par. 1; Schuller v. Fears (Tex. Civ. App.) 67 S.W.(2d) 343, 345; McDaniel v. Woodard (Tex. Civ. App.) 70 S.W.(2d) 765, par. 1; Murray v. Oliver (Tex. Civ. App.) 61 S.W. (2d) 534, 535; American Fidelity & Casualty Co. v. Windham (Tex. Civ. App.) 59 S.W. (2d) 259, 261, pars. 2 and 3; Adkins v. Essler (Tex. Civ. App.) 38 S.W.(2d) 411, 413, par. 4; Herrin v. Lowe (Tex. Civ. App.) 60 S.W.(2d) 1071, 1072, pars. 1 and 2; Fidelity Union Casualty Co. v. Borden (Tex. Civ. App.) 60 S.W.(2d) 465, 466, par. 4; Scott v. Carlos (Tex. Civ. App.) 13 S.W.(2d) 957; Vaught v. Jones (Tex. Com. App.) 17 S.W. (2d) 779.

The action of the court in overruling appellant's plea, being general, implies a specific finding that the accident resulted from active negligence on the part of appellant and constituted a trespass. The judgment of the trial court is therefore affirmed.