### MARTIN v. TURNBOW.

### No. 3411.

Court of Civil Appeals of Texas. El Paso.

Sept. 10, 1936.

Truett, Abernathy & Wolford, of McKinney, for appellee.

PELPHREY, Chief Justice.

On or about the 14th day of June, 1935, a collision occurred at the west end of a bridge on highway No. 24, between a Dodge pick-up truck owned by appellee and a truck owned by appellant. Suits were filed in the district court of Collin county by appellee and his son, F. E. Turnbow, to recover damages resulting from this collision.

Appellant filed his plea of privilege in both suits to be sued in Wood county, the county of his residence. These pleas were controverted on the ground that appellant's agents were guilty of active negligence which constituted a trespass upon appellee and that the driver of the truck discovered the perilous position of F. E. Turnbow in time to have prevented the collision by the use of the means at hand.

Upon a hearing the pleas of privilege were overruled, and this appeal followed.

### Opinion.

Appellant contends that his plea was improperly overruled because there was no proof introduced that the collision occurred in Collin county and that there was no prima facie showing of a cause of action in favor of appellee.

With the first contention we must disagree. J. T. Turnbow testified that the accident happened about 6 miles from McKinney, the county seat of Collin county. This court will take judicial knowledge of the fact that such point is in Collin county. There is testimony in the record showing that appellant's truck with a trailer loaded with lumber attached to it was being driven on a wet highway at a speed of 55 or 60 miles per hour. Such driving is a positive act of negligence and brings an injury resulting therefrom within the meaning of "trespass," as that word is used in the venue statute (Vernon's Ann.Civ.St. art. 1995, subd. 9). Murray v. Oliver et al. (Tex. Civ.App.) 61 S.W.(2d) 534; Scott v. Carlos (Tex.Civ.App.) 13 S.W.(2d) 957; Rogers v. Alexander (Tex.Civ.App.) 289 S.W. 1070.

The judgment is affirmed.