## FREEMAN v. TEXAS BREAD CO.
### No. 10450.

Court of Civil Appeals of Texas. Galveston.
Nov. 18, 1937.

W. P. Hamblen, Jr., of Houston, for appellant.

GRAVES, Justice.

This statement—found to be correct—has been taken from the appellant's brief, no brief for the appellee having been filed in this court:

"This suit was filed on the 31st day of July, 1935, by Clyde Freeman, a minor, who sued by his next friend, his father, W. E. Freeman, against the Texas Bread Company, a corporation, to recover damages alleged to have been inflicted by the defendant, Texas Bread Company, in a collision between a truck owned and operated by the defendant, Texas Bread Company, its agent, servant, or employee, and an automobile owned and operated by the minor plaintiff, Clyde Freeman. The facts of the collision are very concisely stated in plaintiff's original petition, appearing in the transcript, from which we quote briefly as follows:

"Plaintiff was driving the said automobile on the Waller Hempstead highway between Waller and Hempstead, driving east from Waller at a legal rate of speed, viz., forty (40) miles or less per hour, when defendant, its agent, servant, and/or employee was driving its truck in a westerly direction approaching plaintiff at an excessive and dangerous rate of speed, negligently and carelessly and on the wrong side of the highway, that is to say, that defendant, its agent, servant and/or employee was

driving in a westerly direction on the left-hand side òf the highway, thereby colliding with plaintiff's automobile.

"Plaintiff alleges that defendant, its agent, servant, and/or employee in driving on said Waller-Hempstead highway was driving at a dangerous and excessive rate of speed and that the collision of the Chevrolet coupé owned by plaintiff and the truck belonging to the defendant, Texas Bread Company, herein was due to the negligence and carelessness of said defendant, its agent, servant, and/or employee, in the following particulars, to wit:

"(a) In then and there wantonly and negligently coming up the highway at a very high and dangerous rate of speed.

"(b) In then and there wantonly and negligently failing to keep on the proper side of the highway and keeping a proper lookout for any traffic moving along the road, and approaching sáid defendant, its agent, servant, and/or employee. That as a natural, direct, and proximate result of the negligence and carelessness of the defendant, its agent, servant, and/or employee, as heretofore alleged as hereinbefore more particularly set out, plaintiff's Chevrolet coupé was completely damaged, injured, torn, broken, and destroyed to the amount of approximately four hundred. fifty and no/100 ($450.00) dollars.

"The petition concluded with a prayer, for judgment of the damages as alleged.

■ "The defendant, Texas Bread Company, filed a plea in abatement, numerous special exceptions, a general demurrer, general denial, and a plea of contributory negligence. The plea in abatement and the special exceptions were never urged, and were thereby waived, and, a jury having been waived, the case proceeded to trial before the court on its merits on October 23, 1935.

"At the conclusion of plaintiff's testimony the defendant made a motion for judgment, which was sustained by the court, and on October 30, 1935, the court entered its judgment that plaintiff take nothing against the defendant, Texas Bread Company, and that said defendant be dismissed and recover its costs."

■ Inveighing here against the judgment so adverse to him, the appellant presents these two propositions, citing in support thereof the respective authorities appended to each:

"Proposition No. 1.

"In a suit arising out of tort, in which it is sought to hold a principal liable for tortious acts committed by an agent, it is not necessary to allege the fact of agency, but plaintiff may plead his cause of action alleging negligence committed by the principal, and under such pleading may introduce evidence of wrongful acts committed by an agent. 31 Corpus Juris p. 1626; Jackson v. Dickey et al. (Tex.Com.App.) 281 S.W. 1043; Nimmo v. O'Keefe (Tex. Civ.App.) 204 S.W. 883; 31 Corpus Juris p. 1626."

"Proposition No. II.

"In the absence of any controverting proof, testimony that the defendant's truck involved in the collision bore a sign containing the name, Texas Bread Company, is sufficient to raise the presumption of ownership of the truck by defendant, and agency and scope of employment of the driver. Mrs. Baird's Bakery v. Davis (Tex. Civ.App.) 54 S.W.2d 1031; Austin Bros. v. Sill (Tex.Civ.App.) 83 S.W.2d 716."

. Both of the quoted propositions, deemed to be severally supported by the cited authorities, are sustained; it seems plain that not only did the petition properly allege a cause of action against the corporation-appellee, but, further, that the evidence offered and received made out a prima facie case in support of it; wherefore, since the granted motion of the appellee for a judgment in its behalf after appellant had rested, and without introducing any evidence in its own behalf, was in effect a demurrer to his evidence as being insufficient to raise an issue of fact in his favor, the trial court's action was reversible error. Donaldson et al. v. Oak Park Cemetery, Inc., et al., 110 S.W.2d 119, in this court, decided November 4 of 1937, and authorities therein cited.

There was clearly no potentiality for surprise of the appellee inhering in appellant's allegations in this instance, since he alleged acts of negligence committed by it, its agent, servant, or employee, which were obviously sufficient to put the corporation upon notice that proof would be introduced as to negligent acts allegedly committed by its agent, servant, or employee.

■ Of course, the fact that appellee's name was printed on the truck was not conclusive evidence either of its ownership thereof or of the agency for it of the driver, or that he was acting at the time with-

in the scope of his employment for it; but it was at least a circumstance tending that way, in the complete absence of any contravening proof.

That testimony on the merits of the cause of action for damages also raised an issue of fact in appellant's favor is equally clear; but, in view of another trial, it will not be further commented upon.

Pursuant to these conclusions, the judgment will be reversed and the cause remanded for trial on the merits.

Reversed and remanded.

PLEASANTS, C. J., absent.