## WILHITE et al. v. HORTON et al.
### (two cases).
### Nos. 12554, 12555.

Court of Civil Appeals of Texas. Dallas.
April 23, 1938.

Rollins & McWhirter, of Greenville, for appellants.

Carl Miller, of Royse City, for appellees.

YOUNG, Justice.

These are companion cases, filed in the district court of Rockwall county. The appeals involve alleged errors of the trial court in overruling separate pleas of privilege filed in each of said cases on behalf of appellants, Peyton Wilhite and the Liberty Candy Company, to be sued in Hunt county. The pleadings allege injuries growing out of the same collision, under a statement of facts applicable to both suits, with similar venue facts and issues of law, hence will be considered together.

Glen and Gordon Horton brought their suits in the trial court against A. L. Gilbert, Gulf Oil Corporation, Peyton Wilhite, and the Liberty Candy Company, alleging the last-named defendant to be a partnership composed of Peyton Wilhite and persons unknown to plaintiffs. Further allegations in each petition were that plaintiffs were riding on the running board of the Gulf Oil Corporation's truck, as guests, and that in Royse City, Rockwall county, the Gulf Oil truck collided with the truck owned by Pey-

ton Wilhite and the Liberty Candy Company, plaintiffs receiving injuries in such collision. Plaintiffs filed affidavits controverting the pleas of privilege of Peyton Wilhite and the Liberty Candy Company, based on section 9, article 1995, that a trespass had been committed in Rockwall county. These pleas, upon trial, were by the court overruled and appeal perfected by defendants, Wilhite and the Liberty Candy Company. The Gulf Oil Corporation also filed a plea of privilege, which was controverted, overruled, and notice of appeal given, but did not perfect its appeal.

The assignments and propositions of appellants are: (1) The record disclosing that Peyton Wilhite was not present at the time of the collision, and there being no proof that the driver of the candy truck was an employee of either Wilhite or Liberty Candy Company, or acting within the scope of any employment with either of them, their pleas should have been sustained: (2) there was no proof of active negligence pleaded or relied upon by plaintiffs as to such defendants to fix venue under said subdivision 9, of article 1995, R.S.; and (3) plaintiffs, having alleged that the Liberty Candy Company was a partnership, composed of Peyton Wilhite and other persons unknown to plaintiffs, and Wilhite being sued as a member of said partnership, neither said Wilhite nor the Liberty Candy Company were before the court, under the rule that a partnership can only be sued when all of its members are before the court; and a petition which alleges that the members of the partnership are unknown, brings neither the partnership nor the members into court. Wherefore, defendants contend that no cause of action has been alleged against either of them, and that their pleas should have been sustained on such ground.

■■ As to the propositions embodied in the above paragraph under points (2) and (3), respectively, we believe the allegations and proof adduced, of negligent operation of the two trucks in question, are sufficient as venue facts on which to maintain these suits under the "trespass" subdivision of the statute. Fidelity Union Cas. Co. v. Borden, Tex.Civ.App., 60 S.W.2d 465. We also hold that the defect in pleading and parties pointed out cannot be availed of here, where matters of venue only are involved. It is sufficient that both defendants, Wilhite and Liberty Candy Company, are in court for a full hearing on their venue pleas; and mat-

ters, such as lack of necessary parties defendant, are questions to be raised and determined upon the trial of the main cause before the court holding proper venue.

■ With reference to the propositions of appellants of absence of proof in the record that the driver of the candy truck was an employee, acting within the scope of his employment on behalf of either Peyton Wilhite or Liberty Candy Company, we quote the following pertinent testimony offered by plaintiffs upon the trial; said defendants producing no controverting proof, except that elicited upon cross-examination of plaintiffs and witnesses:

Gordon Horton: "Q. Do you know whose truck it was that backed out into the street towards you and backed out into you? A. Yes, sir.

"Q. Who? A. The Liberty Candy Company.

"Q. Do you know who owns the Liberty Candy Company? A. Mr. Wilhite, I understand.

"Q. Do you know who was driving the candy truck? A. P. W. Rose.

"Q. Do you know what he was doing in Royse City? A. I suppose he was selling candy for them.

"Mr. Rollins: We object to what he supposes. A. Well, that was what he was doing, delivering candy.

"Q. Was 'Liberty Candy Company' written across the side of the truck? A. Yes, sir."

Glen Horton: "Q. What was the other truck? Was it a truck just like the Gulf truck? A. It was a candy truck.

"Q. Do you know whose candy truck it was? A. Mr. Wilhite's.

"Q. Mr. Wilhite's; he owned it—did it have anything written on it, that you saw? A. Liberty Candy Company.

"Q. Liberty Candy Company? A. Yes, sir. * * *

"Q. Do you know the driver of the other truck? A. Mr. W. P. Rose."

Jim Cason Paulk: "Q. * * * Whose trucks were they, do you know? A. One of them was a Gulf truck, Gilbert's truck, with Hoag Lofland driving, and the other was the Liberty Candy Truck."

The plaintiffs sued Mr. Wilhite as an individual defendant, as well as a member of the partnership firm, composed of such defendant "and others unknown to this plain-

tiff." In the controverting affidavits of the plaintiffs, an allegation is made that one of the trucks was the property of the defendants, Liberty Candy Company and Peyton Wilhite. The above testimony raises the issue of ownership of the candy truck, as being in both defendants; or, if such evidence be deemed a conclusion, a direct presumption is raised to the same effect. There was also similar testimony tending to show that Mr. Wilhite owned the partnership firm of the Liberty Candy Company.

We think the proof above fairly meets the requirements of the venue statute under the following rule and cited cases in 5 Tex. Jur. (Automobiles) 754, § 140: "If the defendant puts in issue the allegation of the petition that the vehicle which collided with the plaintiff was owned or controlled by him, a question of fact is presented. In this situation, while the plaintiff must present evidence to show that the offending vehicle was owned by the defendant, he need only prove that the defendant's name appeared thereon. This fact gives rise to an inference that the defendant was the owner, and that the vehicle, if operated by another than the defendant, was being driven by the latter's employee." We also make special reference to Globe Laundry v. McLean, Civ. App. Beaumont, 19 S.W.2d 94; Harper v. Highway Motor Freight Lines, Civ.App. Dallas, 89 S.W.2d 448; Austin Bros. v. Sill, Civ.App. El Paso, 83 S.W.2d 716; Waco Cotton Oil Mill of Waco v. Walker, Tex.Civ.App., 103 S.W.2d 1071; Younger Bros. v. Power, Civ.App. Beaumont, 92 S. W.2d 1147; Mrs. Baird's Bakery v. Davis, Civ.App. Fort Worth, 54 S.W.2d 1031. Judge Gallagher of the Waco Court of Civil Appeals, in Weber v. Reagan, 91 S.W.2d 409, citing some of the above cases, among many others, very pertinently said (page 411): "The fact of employment may be established by circumstantial evidence. 5 Tex.Jur. p. 753, § 140, p. 770, § 152. The real relation between the owner and the driver of an automobile at the time of an accident is ordinarily a matter peculiarly within the knowledge of such parties, and slight evidence of circumstances indicating employment, absent the introduction of any rebuttal testimony, has frequently been held sufficient to show such relation."

The action of the trial court, in overruling the pleas of privilege of the defendants above named, in these appeals, is in each case affirmed.

Affirmed.