PRINCE v. MILLER.

No. 2166.

Court of Civil Appeals of Texas. Waco.

Sept. 28, 1939.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Touchstone, Wight, Gormley, Strasburger & Price, of Dallas, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted in the district court of Ellis county by appellee, E. J. Miller, against appellant, H. H. Prince, to recover damages for personal injuries alleged to have been suffered as the result of a collision between a car operated by appellant and a car in which appellee was riding. Appellee resided in Ellis county and appellant resided in Dallas county. Appellant filed a plea of privilege to be sued in the county of his residence, which plea was duly controverted by appellee on the ground that the action of appellant in operating his car so as to collide with the car in which appellee was riding and to inflict the injuries for which damages were sought, constituted a trespass. Appellant does not assail the sufficiency of the controverting affidavit, but he does assail the sufficiency of the evidence introduced to show that such a trespass was committed.

The testimony showed that the car in which appellee was riding was traveling in a northerly direction upon a concrete highway in Ellis county; that said car was being operated by one Rolan Peteet and that appellee was riding therein; that said Peteet turned to the left onto a dirt road which connected with the concrete highway; that said dirt road could be seen for a distance of a quarter of a mile before the same was reached by a car traveling north; that when Peteet first discovered appellant's car it was traveling north on the highway about a half a mile from his car; that Peteet was at that time traveling about 15 miles per hour and holding out his hand for a west or lefthand turn; that he continued to hold out his hand until it was necessary to use both hands to turn the steering wheel; that he was in the act of making the lefthand turn and had both front wheels off the concrete when appellant's car struck the rear fender and bumper of his car. At the scene of the accident the highway was constructed on the top of an embankment with guardposts on each side. Peteet's car was pushed against a post about ten feet down the dirt roadway and appellant's car plunged off the embankment and turned over two or more times. At the time of the collision appellant's car was on the lefthand side of the concrete road. Appellant did not testify.

██ The action of the court in overruling appellant's plea of privilege implies an affirmative finding on each allegation of negligence embraced in appellee's controverting affidavit, if there is any evidence to support such a finding. The testimony above recited is ample to support an inference that a person of ordinary prudence operating an automobile under the circumstances surrounding appellant at the time, in the exercise of ordinary care, would necessarily have seen Peteet's automobile ahead of him; would have seen the signal for a lefthand turn which the testimony showed was given in ample time; would have discovered the intersecting road into which Peteet was turning at the time appellant's car struck his; would have remained on the righthand side of the road, and would have thus avoided the accident. Such testimony was in direct accord with one phase of the case as presented by appellee's controverting affidavit. We do not deem it necessary to discuss other charges of negligence contained in such affidavit nor the evidence tending to support the same.

██ The negligent operation of an automobile resulting in striking and injuring the person or property of another constitutes a trespass. Valee v. Joiner, Tex. Com.App., 44 S.W.2d 983, 984, par. 3; Frnka v. Beaumert, Tex.Civ.App., 290 S.W. 808, and authorities there cited; Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098, 1100, par. 4, and authorities there cited; Waco Cotton Oil Mill v. Walker, Tex.Civ. App., 103 S.W.2d 1071, 1072, pars. 1 to 3; Latta v. Bier, Tex.Civ.App., 281 S.W. 240, par. 3, and authorities there cited; Brooks v. Hornbeck, Tex.Civ.App., 274 S.W. 162, and authorities there cited; Campbell v. Wylie, Tex.Civ.App., 212 S.W. 980; De Mars v. Montez, Tex.Civ.App., 277 S.W. 402, par. 4; Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147, par. 4; Lay v. Gould, Tex.Civ.App., 82 S.W.2d 1081, par. 2; McDaniel v. Woodard, Tex.Civ.App., 70 S.W.2d 765, par. 1, and authorities there cited; Claer v. Oliver, Tex.Civ.App., 62

S.W.2d 354, par. 5; Vaught v. Jones, Tex. Com.App., 17 S.W.2d 779; Mays v. Smith, Tex.Civ.App., 95 S.W.2d 1342, par. 1; Murray v. Oliver, Tex.Civ.App., 61 S.W.2d 534, par. 1; 5 Tex.Jur., p. 752, sec. 139; 1 Tex.Jur.Supp., p. 577, sec. 139.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.