**EVANS v. JEFFREY.**

No. 14631.

Court of Civil Appeals of Texas.
Fort Worth.

June 9, 1944.

Rehearing Denied July 7, 1944.

710

C. O. McMillan, of Stephenville, for appellant.

H. W. Allen, of Hamilton, and Todd, Crowley & Gambill, of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee, a minor, brought suit by her next friend in Tarrant County to recover for injuries sustained by reason of being struck by an automobile driven by appellant. Appellant, a resident of Erath County, filed a plea of privilege. Appellee filed a controverting plea, and later an amended controverting plea, seeking to maintain venue in Tarrant County under Subdivision 9, Article 1995, Revised Civil Statutes, the "crime or trespass" exception to the general venue rule.

A jury trial was had on the venue issues. The jury findings were favorable to appellee, and upon them, the trial court overruled the plea.

Under his first point of error appellant charges that the court erred in overruling six special exceptions to the amended controverting affidavit. The first four exceptions pertain to the sufficiency of the verification of the controverting plea. It was signed and sworn to by appellee's attorney. The jurat, omitting the formal parts, reads as follows: "Before me, the undersigned authority, on this day personally appeared Harold W. Allen, who, on his oath stated that he is attorney of record for plaintiff in the above entitled and numbered cause and that the allegations and facts set out in the foregoing first amended controverting plea are true and correct."

The jurat shown on the original controverting plea is substantially the same.

Appellant argues that the jurat is insufficient, in that it fails to show that the attorney was cognizant of the matters set forth in the plea. We do not see the force of this contention. For all that the jurat shows, the attorney was cognizant of the matters set forth in the plea. There being nothing in the plea to indicate the contrary, we are bound to accept it for what it appears upon its face to be. We held a similar verification good in Duncan v. Denton County, Tex.Civ.App., 133 S.W.2d 197, writ dismissed. Appellant cites no case supporting his contention, and we have found none.

Appellant also urges that the allegations of the petition, which are referred to in the controverting plea, are not sworn to, citing such cases as A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, and C. F. Lytle Co. v. Preston, Tex.Civ. App., 175 S.W.2d 440. The cited cases are unlike the present case. In those cases the petition was referred to, but the affidavit was insufficient to show that the affiant swore to the truth of the allegations in them. In the case before us the controverting affidavit expressly makes the petition a part of the controverting plea, and further contains statements to the effect that the allegations of the petition are true. The case before us is similar to such cases as Cogdell v. Martin, Tex.Civ.App., 176 S.W. 2d 982, which discusses the distinction between the two types of cases, and cites the controlling authorities.

The fifth exception to the controverting plea relates to the validity of an ordinance of the City of Fort Worth, which need not be discussed in view of our holding on other questions.

The argument under appellant's first point of error contains no reference to the sixth exception to the controverting affidavit, hence it will be considered that it has been waived. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W.2d 197, writ dismissed, want of merit.

Under the second point of error appellant urges that an instructed verdict should have been rendered in his favor, and under the third point that his motion for judgment non obstante should have been sustained. For reasons which will appear in our discussion of later points of error, the second and third points of error are overruled.

■ Under the fourth point of error appellant argues that there was no evidence to support submission to the jury of the question whether the collision occurred more than one-half hour after sunset. We overrule this contention. At least two witnesses testified that it was more than one-half hour after sunset. Some of the witnesses said that it was "good dark". The direct testimony that it was dark would support an inference that it was more than one-half hour after sunset.

■ Under the fifth point of error it is argued that there was no evidence to support submission to the jury of the question whether appellant had two lighted lamps on the front of his automobile visible at least 500 feet (as required by Art. 827a, Sec. 9, Vernon's Ann.P.C.). The testimony may not be strong, but is sufficient, we think, to support a finding that the lights were not burning. Appellant offered no evidence to the contrary.

■ Under the sixth point of error it is charged that the court erred in submitting a proximate cause issue following the issue just discussed, for the reason that the two issues just above discussed were not supported by the evidence. The point is overruled.

■ The seventh point charges error in the refusal of the court to submit to the jury an issue inquiring whether the failure to have the lights burning was negligence. This was unnecessary, since such failure constituted a violation of the statute above cited.

■ The jury found that appellant failed to keep a proper lookout. Under the eighth point he argues that this could not sustain venue in Tarrant County, on the ground that it was only passive, and not active, negligence, citing Bettis v. Rayburn, Tex. Civ.App., 143 S.W.2d 1011. The cited case so holds. It might not be necessary to undertake a decision of the question here, in view of the fact that other grounds are present sufficient to sustain venue in Tarrant County, but it seems to us that it might

well be said that driving an automobile along a busy street of a large city without keeping a proper lookout is far from a mere passive act of negligence. In this case appellee was standing in the street. Appellant drove his automobile against her. Striking her with the automobile was a positive act. To determine whether the positive act of striking appellee was a trespass, it is necessary to determine whether appellant was guilty of negligence in so doing. If not, there was no trespass. If appellant was driving his automobile in a negligent manner, whether too fast, or on the wrong side of the street, or without keeping a proper lookout, he was guilty of a trespass when he hit appellee. Such conduct is no mere omission to perform a duty. The situation is similar to that in Murray v. Oliver, Tex.Civ.App., 61 S.W.2d 534, 536, where the court says: "The driving of a heavily loaded truck upon a public highway without having it equipped with adequate brakes is not a mere negligent omission of duty. Such act consists not merely in the failure to equip the truck with adequate brakes, but involves the negligent operation of it in such unsafe condition, which is a positive act of negligence."

We think the rule is as stated in Shivers v. Hundley, Tex.Civ.App., 148 S.W.2d 440, 442: "It has been repeatedly held that 'where an injury is inflicted upon the person or property of another by an affirmative act wrongfully or negligently committed, such act constitutes a trespass * * *.'"

■ The ninth point of error not being argued in the brief, we are not required to consider it, but if we should do so we find no error presented. The charge is that special issue No. 5 is on the weight of the evidence. It does not so appear to us. It simply inquires whether defendant failed to keep a proper lookout for pedestrians who might be using the cross-walk in the street.

■ Under the tenth point of error it is argued that there was no evidence to support submission of the question whether appellant was driving at a speed of more than thirty miles per hour. One witness testified that appellant was driving thirty or thirty-five miles per hour. Another witness said that he was driving his car at twenty-five miles per hour in the same direction appellant was driving, and that appellant passed him and gained two hundred yards on him within six hundred,

712

yards. Appellant's car skidded forty-one feet before striking appellee. We think that the evidence was sufficient to support submission of the issue. This finding, with the accompanying finding of proximate cause, was enough to warrant the trial court in overruling the plea of privilege.

It thus becomes unnecessary to pass upon the other points of error.

Affirmed.