## J. H. ROBINSON TRUCK LINES, Inc., v. JONES et al.

### No. 10959.

Court of Civil Appeals of Texas. Galveston.

March 14, 1940.

Rehearing Denied April 11, 1940.

Ewell H. Muse, Jr., of Austin, for appellant.

McFarlane & Dillard, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought in the district court of Harris County by the appellees, Mamie Jones et al., against appellant, J. H. Robinson Truck Lines, Inc., seeking the recovery of damages alleged to have been sustained as a result of the negligent operation of a truck driven by an employee of appellant which resulted in injuries to appellees and damage to their automobile.

The appellant filed its plea of privilege to have said suit tried in Nueces County, the county of its residence.

In due time appellees filed their controverting affidavit, in which they embodied their original petition, and claimed venue in Harris County under Subdivision 9 of Article 1995, Revised Statutes of 1925.

Upon a hearing on the allegations of the plea of privilege and the controverting affidavit, appellant's plea of privilege

was overruled. No testimony was introduced by appellant at said hearing.

At the request of appellant the court made and filed findings of fact and conclusions of law, to which appellant excepted. The court refused to make and file additional findings at appellant's request, to which ruling it excepted.

The suit arose out of a collision which occurred in the City of Houston on December 6, 1937, between an automobile being driven by an employee of appellees, in which appellees were riding, and a truck alleged to have been owned by appellant, and driven by one of its employees.

Appellees alleged that they were proceeding in a westerly direction on McGowan Avenue, which intersects Jackson Street at right angles, at the rate of speed of approximately 20 miles per hour when they were struck from the rear by a truck which was being driven in a northwardly direction on Jackson Street by appellant's agent, causing personal injuries to appellees and damages to said automobile. Appellees alleged numerous acts and omissions on the part of appellant and its driver claimed to amount to negligence of appellant and its driver proximately causing said collision.

The court found, among other facts not material to this appeal, that on the date alleged a truck having "Robinson Truck Lines" printed on it crashed into the rear end of the automobile in which appellees were riding, damaging said automobile and injuring appellees, Beatrice Jones and Willa Jones; that said automobile was travelling westward on McGowan Avenue at a time when said truck was travelling northward on Jackson Street and approaching the intersection of McGowan Avenue from the south side; that as said automobile passed the center of said intersection travelling not more than 20 miles per hour, headed westward, said truck was then approximately 40 feet south of said automobile on Jackson Street; that said truck entered said intersection and changed its course to the west behind said automobile and overtook and crashed into the left rear end thereof at a point about 5 feet west of the west side of said intersection; that the driver of said truck was driving same in excess of 20 miles per hour at the time of said collision, and that the operation of said truck at that time at said rate of speed was negligence per se and constituted a trespass. The court further found that the driving of said truck on said occasion into the rear end of said automobile, without negligence on the part of appellees, was also in the nature of a trespass coming within exception No. 9 of Article 1995, Revised Statutes of 1925; that the damages sustained by appellees was the proximate result of negligence on the part of the agent of appellant and that no negligence was shown on the part of appellees which contributed to said collision. The court found that Beatrice Jones testified without objection by appellant that she was present on the occasion of said collision between said automobile "and a truck operated by J. H. Robinson Truck Lines, Inc."; that no proof was offered by appellant that said truck did not belong to it, or that it was not being operated at the time of said collision by its agent, and that this unchallenged testimony was sufficient to raise the inference, in the absence of any rebutting proof to the contrary, that the appellant owned the truck and was operating it through its agent and servant at the time of said collision.

Appellant contends that the evidence failed to support the findings of the court: (a) That the agent of appellant was driving in excess of 20 miles per hour and that said rate of speed was the proximate cause of the collision; (b) that the agent of appellant failed to keep his truck under proper control at the time of said collision, and that said failure was negligence; (c) that said truck was owned by appellant, or that it was being operated by its agent or employee on the occasion in question. Appellant further assigns error in the action of the trial court in overruling said plea of privilege for the alleged reason that the facts shown do not constitute trespass within the meaning of Subdivision No. 9 of Article 1995, Revised Statutes of 1925, or that there was a violation of the Penal Code of the State of Texas.

Subdivision No. 9 of Article 1995 of the Revised Statutes of 1925 provides that: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The term "trespass", as that term is used in the above statute relating to

the venue of actions, is intended to embrace only actions for such injuries as result from affirmative acts or from wrongful acts wilfully or negligently committed, and not those injuries which result from a mere omission to perform a duty. Brown v. Calhoun, Tex.Civ.App., 22 S.W.2d 757; Vaught v. Jones, Tex. Civ.App., 8 S.W.2d 800; Id., Tex.Com. App., 17 S.W.2d 779; Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098; Murray v. Oliver et al., Tex.Civ.App., 61 S. W.2d 534; McCrary v. Coates, Tex.Civ. App., 38 S.W.2d 393; 41 Tex.Jur. 412.

The exact question involved herein was decided by the Supreme Court in the recent case of Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d, 1062, in which, in an opinion by Justice Sharp, it is held that the term "trespass", as used in the statute permitting a suit to be brought in a county in which a trespass is committed, is intended to embrace only wrongful acts, which are wilfully or negligently committed, and that it does not refer to a mere omission to do a duty, although the act need not necessarily be such an affirmative act as would be inherently unlawful and constitute a crime or an offense against the public.

■ In the instant case appellant is charged with certain affirmative acts of negligence. It is charged that it was operating a truck which overtook and injured appellees and the automobile in which they were riding, at an unlawful and negligent rate of speed. From the facts shown the court could and did reasonably infer negligence proximately causing the injuries and damages claimed by appellees.

■ Under the established rule that, in an appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of appellee's contentions, Sharp v. Mead et al., Tex.Civ. App., 127 S.W.2d 510; Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686; Pearson v. Guardian Trust Co., Tex.Civ.App., 84 S.W.2d 256, it will be presumed that the trial court made the findings of fact which he was authorized to make under the evidence.

■ Appellant further contends that the evidence is insufficient to establish either the ownership of said truck or that it was being operated on the occasion in question by its agent or servant. This contention cannot be sustained. The rule

has been definitely established in this state that, while the name printed on a truck is not conclusive evidence of its ownership, the fact that the driver thereof was the agent of the owner, or that he was acting at the time in the scope of his employment for his principal, such facts are at least circumstances tending to prove ownership thereof, the agency of the driver and that he was acting within the scope of his employment, in the absence of contravening proof. The court based his findings as to the ownership of said truck by appellant and the fact that it was being operated at the time of said collision through its agent on the testimony of appellee, Beatrice Jones, as to such ownership and on the fact that no proof as to such facts was offered by appellant. Austin Bros. v. Sill, Tex.Civ.App., 83 S.W.2d 716; Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147; Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031; Freeman v. Texas Bread Co., Tex.Civ.App., 111 S.W.2d 307.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.

Affirmed.