Having reached the conclusion that the evidence does not meet the requirements of the law, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## WHITE v. STATE.

### No. 20188.

Court of Criminal Appeals of Texas.

June 28, 1940.

HAWKINS, Presiding Judge.

The judgment of conviction was affirmed on March 22, 1939. Tex.Cr.App., 128 S.W. 2d 51. Motion for rehearing was overruled May 17, 1939. Appellant made application to the Supreme Court of the United States for writ of certiorari to review the action of this Court. On November 13, 1939 the said Supreme Court of the United States denied the writ, 308 U.S. 608, 60 S.Ct. 170, 84 L.Ed. ——, and certified its action to this Court whereupon the stay of execution order was revoked on January 6, 1940, and an alias mandate directed to be issued.

Later, upon motion for rehearing by appellant, the Supreme Court of the United States set aside its former order refusing the writ of certiorari, granted same, and reversed the judgment of this Court, and remanded said cause to this Court for further proceedings not inconsistent with the opinion of said Supreme Court of the United States. 60 S.Ct. 706, 84 L.Ed. ——.

Therefore, in compliance with said opinion this cause is remanded to the trial court for further proceeding in said cause, as may be consistent with the opinion of the Supreme Court of the United States.

Accompanying this order, and as a part thereof, is a certified copy of the mandate from the Supreme Court of the United States, now on file as a part of the record in said cause.

## GLADEWATER LAUNDRY & DRY CLEANERS, Inc., v. NEWMAN.

### No. 5527.

Court of Civil Appeals of Texas. Texarkana.

May 10, 1940.

Rehearing Denied June 13, 1940.

along the Union Hill road, Highway 49, between Daingerfield and Mount Pleasant and near the Harts Creek bridge, and while on said road a motor vehicle operated by the defendant, through its agent, servant, and employee, negligently and carelessly drove its motor vehicle into the one in which W. R. Newman and wife, Mrs. W. R. Newman, were riding, crashing into them from their rear, inflicting upon plaintiff severe and permanent personal injuries as more fully hereinafter set out; that at the time of said collision, defendant's truck was being operated by its agent, servant and employee, who, at all times stated herein was acting within the scope of his employment and actively engaged in forwarding the business of the defendant." It was specially alleged by defendant in error that plaintiff in error at the time and place of said collision, acting by and through its agent, was operating its laundry truck at a rate of speed in excess of 45 miles per hour without "adequate brakes kept in good working order," which acts constituted negligence as a matter of law. In the alternative, it was alleged that the laundry truck was "negligently and carelessly being operated at a higher rate of speed than a reasonable and prudent driver would have operated it under the same or similar circumstances at the time and place of the collision. * * * In that the defendant negligently and carelessly failed to have its brakes and steering apparatus in good working condition so that the driver of defendant's (plaintiff in error's) car would be able to control said car and slow its speed down and avoid striking plaintiff's (defendant in error's) car." It was alleged that these acts of negligence on the part of plaintiff in error's employee, Ernest Thompson, was a proximate cause of the injury to defendant in error. Numerous other specific acts of negligence were alleged by defendant in error, but only those set out above were submitted to the jury.

Battaile & Burr, of Houston, and Stinchcomb, Kenley & Sharp, of Longview, for plaintiff in error.

Jones & Jones, of Marshall, for defendants in error.

HALL, Justice.

Defendant in error instituted this suit in the District Court of Gregg County against plaintiff in error for damages resulting from injuries sustained by him in a collision between his car and plaintiff in error's laundry truck, driven by one Ernest Thompson. The defendant in error alleged: "* * * That on February 7th, 1936, W. R. Newman and wife, Mrs. W. R. Newman, were proceeding in a southwesterly direction toward Mt. Pleasant

Plaintiff in error relied upon a general demurrer, general denial, and alleged specially that defendant in error was guilty of contributory negligence in the following particulars: (1) "At the time and place of the collision alleged by plaintiff (defendant in error) he suddenly stopped his car on the highway in front of the truck being driven behind him by Ernest Thompson, without giving any visible or audible signal or warning of his intention to so.

stop his said car;" and (2) "at the time and place of the collision alleged by plaintiff (defendant in error) he suddenly and materially reduced the speed of the vehicle which he was operating in front of the truck or vehicle being operated by Ernest Thompson without giving any visible or audible signal or warning of his intention to so reduce such speed." It was alleged further that these acts of contributory negligence were the proximate cause of the injury to defendant in error. Trial was to a jury on special issues, which resulted in a verdict and judgment for defendant in error.

By its 7th proposition, plaintiff in error asserts that the trial court committed reversible error in permitting defendant in error, over its objections timely made, to introduce in evidence the compensation insurance policy carried by it for the benefit of its employees.

■ On trial of this case in the court below defendant in error introduced in evidence the deposition of E. E. Glenn, secretary and treasurer of plaintiff in error, wherein Glenn stated that his company carried compensation insurance covering its employees, and that it also carried a liability insurance policy covering the laundry truck involved in this collision. It was the contention of plaintiff in error in the court below that Thompson was an independent contractor and not its employee. The facts are undisputed that on or about February 7, 1936, plaintiff in error's laundry truck crashed into the rear of defendant in error's automobile. This happened about two miles south of Mt. Pleasant on State Highway No. 49. It was also shown without dispute that the laundry truck had the name of the Gladewater laundry painted on its sides, that it was loaded with laundry, and that Ernest Thompson was driving the truck at the time of the collision. These facts standing alone raised the presumption (1) that the truck belonged to plaintiff in error; and (2) that Ernest Thompson, the driver, was acting for plaintiff in error at the time of the collision. Globe Laundry v. McLean, 19 S.W.2d 94, Tex.Civ.App., Beaumont; Mrs. Baird's Bakery v. Davis, 54 S.W.2d 1031, Tex.Civ.App., Ft. Worth; Claer v. Oliver, 62 S.W.2d 354, Tex.Civ. App., Beaumont; Harper v. Highway Motor Freight Lines, 89 S.W.2d 448, Tex. Civ.App., Dallas; Roadway Express v. Gaston, 90 S.W.2d 874, Tex.Civ.App., Texarkana; Weber v. Reagan, 91 S.W.2d 409, Tex.Civ.App., Waco; Younger Bros. v. Power, 92 S.W.2d 1147, Tex.Civ.App., Beaumont; Southern Underwriters v. Girard, 107 S.W.2d 775, Tex.Civ.App., Texarkana; Gregg v. De Shong, 107 S.W.2d 893, Tex.Civ.App., Ft. Worth, writ dismissed; Peveto v. Smith, 113 S.W.2d 216, Tex.Civ.App., Beaumont, affirmed by Supreme Court on this point, Tex.Com.App., 133 S.W.2d 572; Tyler Milk Products Co. v. Shipman, 129 S.W.2d 444, Tex.Civ. App., Texarkana. Before defendant in error introduced in evidence the workmen's compensation policy carried by plaintiff in error on its employees, or the deposition of E. E. Glenn with respect thereto, his attorney made inquiry, in open court, of the attorney for plaintiff in error as to "whether or not reliance will be had on the defense of an independent contractor or that Thompson was not an employee of the defendant (plaintiff in error) at the time plaintiff (defendant in error) was injured, to see if the testimony will be admissible in the record * * *." Attorney for plaintiff in error replied: "The defendant (plaintiff in error) reserves the right to make any defense it may under the general denial." At the time this colloquy occurred there was on file among the papers in the case the oral deposition of Ernest Thompson wherein he testified to facts, if believed, would constitute him, at the time of the collision, an independent contractor. And it may be said here that this deposition was introduced in evidence and relied on by plaintiff in error to establish such defense. In this situation, with only the presumption of Thompson's agency, arising from his operation of the laundry truck, as a circumstance in behalf of defendant in error, as against the positive testimony of Thompson that he was not acting for plaintiff in error but for himself at the time of the collision, we think it proper to introduce in evidence the compensation insurance policy carried by plaintiff in error, when coupled with the testimony of its Secretary-Treasurer, Glenn, to the effect that Thompson was covered by the provision of the workmen's compensation policy, and was "listed under item 'laundry collection and delivery.'" The true circumstances with respect to the agency of Thompson were locked within the files of plaintiff in error, and the fact alone that the introduction of the compensation insurance policy from

such files, to establish this issue and refute plaintiff in error's defense, might prejudice its rights before the jury, under the particular facts of this case, would not be sufficient reason to deprive defendant in error of this evidence. This proposition is overruled.

Plaintiff in error's 8th proposition assails the action of the court below in permitting the introduction in evidence of the liability insurance policy carried by it on its laundry trucks at the time of the collision. The rule is well settled in this state that "it is error to bring to the jury the information or impression that the defendant carries liability insurance." Texas Co. v. Betterton, 126 Tex. 359, 88 S.W. 2d 1039, 1040. It is insisted, however, by defendant in error that the introduction of the liability policy, "clearly falls within one or more of the exceptions to the general rule that indemnity insurance and compensation insurance is ordinarily inadmissible because immaterial to any issue in the case," for the reason that in this case it does tend to prove a material issue—that Thompson was an employee of plaintiff in error at the time of the collision. We do not so hold in respect to the policy of liability insurance, but granting that there is recognized such an exception as that contended for by defendant in error, still, it could have no application in this case for the reason that the ownership of the laundry truck was not in dispute. As said before, it bore the insignia of plaintiff in error. It was loaded with laundry, and Thompson, the driver thereof, testified that the truck belonged to plaintiff in error. The fact that plaintiff in error carried liability insurance on the laundry truck involved in the collision, as we view the record, could in no wise be a circumstance showing the agency of Thompson. The theory upon which insurance policies are held admissible by the numerous authorities cited by defendant in error from other jurisdictions is that they prove, or tend to prove, a ma-

terial issue in the case. The introduction in evidence of the testimony of E. E. Glenn with respect to liability insurance carried by plaintiff in error, together with the policy of insurance itself, showing on its face that plaintiff in error was insured for $50,000 for injuries to person and $5,-000 damages to property caused by the laundry truck involved in the collision, placed before the jury directly the fact that plaintiff in error was amply covered by insurance and tended to substitute the insurance company for plaintiff in error in the court below. This is true regardless of the limitation placed upon this testimony by the lower court. Judge Hickman, in Texas Co. v. Betterton, supra, emphasizes the Texas rule applicable to a case of this character by the following holding: "It is presented that the verdict could not have been influenced by this evidence. The argument is made that plaintiff in error, the Texas Company, is universally known to be one of the largest oil companies in the world, and that there would be no reason why the jury should shield it against liability and victimize an insurance carrier. It may be true that the jury in this case would as readily have returned a verdict against the Texas Company as against an insurance company, but this is a matter of pure conjecture. Some juries might do so, while others might not. The rule requiring a reversal for an error of this nature is a most wholesome one, and nothing short of an affirmative showing by the record that no injury resulted from the error should be held sufficient to render it harmless." The above holding, we think, is controlling here. This proposition is sustained.

We have carefully examined all other propositions brought forward. They are, in our opinion, without merit and are therefore respectfully overruled.

The judgment of the trial court is reversed and the cause remanded.