**HENDERSON DRILLING CORPORATION, Appellant,**

v.

**Enedina PEREZ et al., Appellees.**

**HENDERSON DRILLING CORPORATION, Appellant,**

v.

**Felipe ESTRADA et al., Appellees.**

Nos. 13202, 13203.

Court of Civil Appeals of Texas.

San Antonio.

June 12, 1957.

Rehearing Denied July 10, 1957.

Fulbright, Crooker, Freeman, Bates & Jaworski, Chas. D. Boston, Houston, for appellant.

Kelly, Hunt & Cullen, Rodriquez & Velasco, Victoria, Fields & Carroll, Port Lavaca, for appellees.

POPE, Justice.

We have two appeals from orders overruling pleas of privilege, and the point in each case is whether the plaintiff proved a prima facie cause of action. The records and points are identical.

Plaintiff Enedina Perez, individually and as next friend for her children, sued Henderson Drilling Corporation for damages by reason of the death of her husband, Trinidad Perez, who was driving an automobile which collided with defendant's vehicle. Felipe Estrada, his wife and minor son were passengers in the vehicle driven by Trinidad Perez, and separately sued for damages they sustained in the same collision. Defendant, Henderson Drilling Corporation, urges that plaintiffs presented no evidence and insufficient evidence to prove that the driver of defendant's vehicle was acting in the scope of his employment at the time of the accident.

The driver of defendant's vehicle was employed by Henderson Drilling Corporation at the time of the accident. He was its tool pusher and was on twenty-four-hour duty. An officer of defendant corporation stated that the driver was continuously on duty, both before and after the accident. "Even while he was in the hospital he was on duty." The accident occurred on Highway 35, between Point Comfort and Port Lavaca, about eleven-thirty at night. Defendant furnished its employee with a company car at all times, and he had authority to drive the car both for business and personal reasons. He was driving alone when the accident occurred. The car was a Ford and its door bore a blue plaque with the words: "Henderson Drilling Corporation, Houston, Texas." Whether those facts proved that the employee was in the scope of his employment is the only question.

Once ownership of a vehicle is proved, certain presumptions arise. It is then presumed that the driver of the vehicle was the owner's agent, and also that he was in the scope of his employment. Boydston v. Jones, Tex.Civ.App., 177 S.W.2d 303. When a car bears the defendant's name or brand, ownership is presumed in addition to the presumption that the driver is defendant's agent and within his scope of employment. Walker v. Johnston, Tex.Civ. App., 236 S.W.2d 534, 536; Gladewater Laundry & Dry Cleaners v. Newman, Tex. Civ.App., 141 S.W.2d 951. Whether a vehicle is branded, what the words of the brand may be, and whether the words connect the owner, present a question of fact which may be resolved by the fact finder. Walker v. Johnston, Tex.Civ.App., 236 S.W. 2d 534, 543; Strickland Transport Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675. Those problems are not present in these cases.

Defendant's ownership of the vehicle was proved by the fact that the Ford bore the corporate brand and also by other evidence. Ownership is not a disputed issue, nor is there any dispute that the driver of the vehicle was the defendant's agent. The sole dispute is whether plaintiff proved that the driver of defendant's vehicle was in the scope of his employment. Proof of ownership, whether that proof be by a brand on the vehicle or otherwise, produces the presumption that the driver was in the scope of his employment. 9 Blashfield Cyclopedia of Automobile Law and Practice, §§ 6056, 6057 (Perm. Ed.). A presumption is indulged in such instances, to compel a disclosure of facts peculiarly within the knowledge of the one against whom the pre-

sumption operates. Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, 386, says: "The presumption grows out of the fact that not infrequently the evidence necessary to establish the character of the mission in which the servant was engaged is exclusively within the possession of the defendant. The effect of the rule is to 'smoke out' the defendant and to compel him to disclose the true facts within his knowledge." Accord, Pyle v. Phillips, Tex.Civ. App., 164 S.W.2d 569. It has been said that the presumption requires the defendant to produce all, or substantially all, evidence in its possession. Harper v. Highway Motor Freight Lines, Tex.Civ.App., 89 S.W.2d 448, 450.

Defendant presented no evidence which rebutted the presumption of scope of employment arising out of the fact of its ownership of the vehicle driven by its employee. Where its employee was going, whether defendant had business in that area, whether it had issued orders that he go, whether he had departed from his destination or duty, are matters concerning which it chose to remain silent. The employee, though still employed, did not testify. Defendant could supply that information but did not. When plaintiffs proved the basic facts which gave rise to the presumption of scope of employment, the burden was thrown to defendant to rebut that presumption by disclosing those facts which it knew or was in the better position of knowing. 1 McCormick and Ray, Texas Law of Evidence, §§ 53, 97 (2d Ed. 1956).

█ The only thread of evidence to which defendant clings is the statement of its treasurer that it furnished its employee a car which he was permitted to use for personal as well as business purposes. From that statement defendant concludes that the possibilities for personal use are as great as the use of the car in the scope of his employment. There is no evidence, nor any fact from which an inference could be drawn, in the record that the employee was using the vehicle for personal purposes. The presumption was that the driver was in the scope of his employment, and the defendant was burdened to rebut that presumption by disclosing and not concealing the facts within its knowledge. Defendant reasons that it discharged that burden by showing a mere possibility. Conjecture is not fact, and possibility is conjecture. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. Mr. Justice Alexander, in Houston News Co. v. Shavers, supra, says: "When, however, he [the defendant] discloses the true facts within his possession and such evidence is positive to the effect that the servant was not engaged in the master's business at the time of the injury, the presumption is nullified and the burden is then upon the plaintiff to produce other evidence or his cause fails."

Defendant suggested a mere possibility from which one might imagine or guess a multitude of possible personal purposes. That is not the disclosure intended by the presumption, and to so hold would destroy the presumption. As a matter of law, defendant has only raised a surmise which did not rebut the presumption.

If we should assume that the proof of broad authority to use the vehicle for personal uses would sufficiently support the fact inference that the vehicle was in fact so used, still the fact finder impliedly found against that fact. In addition to proof of the brand on the Ford, plaintiffs proved that defendant owned the vehicle, that its employee was driving it, that he was a tool pusher for an oil company engaged in drilling oil wells, and that the driver was on duty twenty-four hours a day. The inferences from those facts amply support an implied finding that the driver was in the course of his employment.

The judgments are affirmed.