C. J. SIMPSON, Appellant,

v.

Ruby Fern VINEYARD, Appellee.

No. 5329.

Court of Civil Appeals of Texas.
El Paso.

April 29, 1959.

Rehearing Denied May 20, 1959.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

McGowen & McGee, Monahans, for appellee.

LANGDON, Chief Justice.

This is a venue case growing out of an automobile accident in Ward County, Texas. The plaintiff, Ruby Fern Vineyard, a widow, of Ector County, Texas, sued the defendant, C. J. Simpson, of Dallas County, Texas, alleging that her adult son, Kenneth Roy Vineyard, was killed on or about May 24, 1957, in an accident in the City of Monahans, Ward County, Texas, as the result of a collision between a truck bearing the name of C. J. Simpson, and a motorcycle being ridden by Kenneth Roy Vineyard.

The defendant, Simpson, duly and timely filed a plea of privilege, asking that the case be transferred to Dallas County, the county of his residence. After a hearing, the court overruled defendant's plea of privilege, and it is from this judgment that C. J. Simpson has perfected this appeal.

Appellant has ignored the requirement (Rule 421, Texas Rules of Civil Procedure), that "every brief shall contain at the front thereof a subject index with page references where the discussions of the points relied upon may be found. It shall also contain a list of the authorities, alphabetically arranged, together with the references to the pages of the brief where they are cited."

Appellant brings three points of error.

Appellant contends that the trial court erred in permitting the witness Calloway to testify that the plaintiff obtained her support from her deceased son, Kenneth, over defendant's objection that such testimony was hearsay.

■■ It is well established that where trial was to the court without a jury, the trial judge may receive evidence in order to determine its admissibility, and, finding it inadmissible, he may disregard it. On appeal it is presumed that the trial court disregarded evidence which might have been improperly received, and in no manner considered it in arriving at judgment. 41B Tex.Jur. 840–841, ¶605; Texas Employers Ins. Ass'n v. Polk, Tex.Civ.App., 269 S.W. 2d 582; Gordon v. Pledger, Tex.Civ.App., 271 S.W.2d 344.

Appellant's Point Two complains that the trial court erred in failing and refusing to sustain defendant's plea of privilege because there is no competent testimony in the record to show that plaintiff sustained any damages as a result of the death of her son, Kenneth.

A review of the testimony of the witness Calloway reflects that Calloway, while not shown to have been related to the Vineyard family, occupied a position of intimacy with the family. The witness, until three weeks prior to the accident in question, had lived for a period of a year or a year and one-half, directly across the street from plaintiff and her deceased son, Kenneth, in the City of Odessa. Both plaintiff and her deceased son had visited in the witness' home on many occasions, and he had visited in theirs. He was also acquainted with another son and a daughter of plaintiff, and they, likewise, visited in his home. Neither of these children, however, lived with plaintiff. The daughter lived in Illinois, and the other son, Jack, lived on the north side of town, not close by the plaintiff. Plaintiff and her deceased, unmarried son, alone, shared the trailer house in which they lived; plaintiff was unemployed; her former husband lived in Illinois; her son, Kenneth, with whom she lived, was a healthy, husky, young man, who remained regularly and steadily employed and did not drink. Appellant does not complain of the foregoing testimony elicited from the witness Calloway, and we are of the opinion that such testimony is relevant and competent evidence and shows the relative position of the plaintiff and her son. The son was employed; the mother was not; the widowed mother and her unmarried son shared the same house; and, from these facts alone, the trial court would have been justified in inferring that plaintiff derived some measure of support, maintenance, care or attention from her son in an action to recover damages for his wrongful death.

■ It has, however, long been the law of Texas that declarations of persons, since deceased, made prior to the time the cause of action arose, are admissible to show his intention to support the mother or father, in an action to recover for his wrongful dealth. 17 Tex.Jur. 584–585, ¶243; Houston & T. C. R. Co. v. White, 23 Tex. Civ.App. 280, 56 S.W. 204; Gulf, C. & S. F. Ry. Co. v. Hicks, Tex.Civ.App., 202 S.W. 778.

The witness Calloway testified that plaintiff received her support from her son, Kenneth, and that this knowledge was based on what the deceased had told him. The fact

that he had heard the same information from other members of the family would not render his testimony, as to what the deceased had told him, inadmissible.

■ Any competent evidence is admissible which tends to disclose that the deceased provided for the plaintiff; the circumstances under which they were living; the attitude of the deceased toward his mother; the relative financial condition of the parties; the fact that the deceased was regularly and steadily employed, while plaintiff was not; and evidence of pecuniary need, in an action by a parent for the wrongful death of an adult child, may indicate a reasonable expectation of deriving benefit from the deceased if he had lived. 33 Tex.Jur. 194, ¶117; 197–198, ¶119; 200–204, ¶121.

■ Appellant asserts that his plea of privilege should have been sustained because there was no competent testimony to show that the vehicle in question was being driven, at the time of the accident, by an employee of the defendant, in the course of his employment. As authority for this contention, appellant cites Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057, by the Supreme Court of Texas, and Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, an opinion by the Commission of Appeals, adopted by the Supreme Court. In each of the cases cited by appellant, the plaintiff had first shown by competent evidence matters upon which the trier of facts could reasonably adduce, in the absence of any facts to the contrary, that the vehicle in question was owned by the defendant; and, having established the ownership of the vehicle, the inference that its driver is the agent of the owner, and was acting at the time in the course of his employment, is justified.

The plaintiff's only proof that the truck which collided with her deceased son's motorcycle belonged to the defendant, was the evidence that the truck bore the name "C. J. 'Chas' Simpson, Dallas, Tex." and, as was said in Walker v. Johnston, Tex. Civ.App., 236 S.W.2d 534, on page 536:

"There are many cases holding that where the name of a corporation or individual is printed on the side of a truck it is sufficient to justify the inference that the corporation or individual is the owner of the truck and that its driver is the agent of the corporation or individual and was acting at the time in the course of its or his employment" (citing numerous cases).

In the case at hand, the trial court chose to draw the inference of ownership, agency, and course of employment. The defendant offered no testimony and made no effort to rebut the inference, presumption, or prima facie case made out by plaintiff with respect to the ownership of the vehicle, agency, and scope of employment. Under the circumstances, the inference was justified and will not be disturbed on appeal. If the inference was not correct, no one was in a better position to establish that fact than the defendant. The rule in Texas appears to be that the firm's name on the truck could be nothing more than a circumstance sufficient to justify the trier of facts in finding that the driver of the truck was the agent of the firm and was acting, at the time, in the course of his employment. It has never been held to be a mandatory presumption in Texas, even in the absence of evidence to the contrary.

There is considerable authority outside of Texas for the view that the unrebutted evidence should raise a mandatory presumption that would compel the trier of facts to find for the plaintiff, since it would be an easy matter for the defendant to offer evidence in denial of ownership or agency. It has also been urged that the Texas cases which have approved the permissive inference leads to uncertainty, since one trier of facts might decide to draw the inference, and another might refuse to do so, on identical facts. See T.L.R. 127, and cases cited.

Appellant's points of error are overruled, and the judgment of the trial court is affirmed.