Joe C. SUMNERS, Appellant,

v.

Thomas W. CURRY, Appellee.

No. 3843.

Court of Civil Appeals of Texas.

Waco.

May 18, 1961.

Fulbright, Crooker, Freeman, Bates & Haworski, Sam H. Hood, Jr., Houston, for appellant.

Hill, Brown, Kronzer & Abraham, Robert L. Steely, Houston, Sam Lee, Angleton, for appellee.

McDONALD, Chief Justice.

This is a venue case involving subdivisions 9 and 9a, Article 1995 Vernon's Ann. Texas St. Plaintiff Curry brought this suit against defendant Sumners in Brazoria County, for personal injuries resulting from a collision between the car in which he was a passenger, and a vehicle owned and driven by Russell Lee Thomas. Plaintiff alleged the collision occurred in Brazoria County as a result of Thomas' negligence, and that Thomas was acting in the course and scope of his employment for Sumners at the time of the collision.

Defendant filed plea of privilege to be sued in Matagorda County, the county of his residence. Plaintiff controvered such plea, alleging venue existed in Brazoria County by virtue of Sections 9 and 9a, Article 1995. After hearing, the Trial Court overruled defendant's plea of privilege.

Defendant appeals on 8 points, contending that there is no evidence or no admissible evidence that Thomas was an employee of defendant, acting in the course and scope of his employment at the time of the collision.

The record reflects that defendant Sumners was engaged in construction work; that he lived in Matagorda County, but had a job in Pasadena in Harris County; that he had several men working for him, including Thomas, and a man named Cockrell; that Thomas and Cockrell lived in Van Vleck in Brazoria County, but went wherever Sumners secured a job; that Sumners paid Thomas and Cockrell on a per hour basis for the time they worked; and had no interest in whether they spent the night at the site of the job, or returned to their home. On the occasion in question Thomas and Cockrell got off work about 4 o'clock P.M. and decided to go to Van Vleck, their home, admittedly on a mission of their own. They went in Thomas' car, and en route were engaged in the collision made the basis of this suit. In such collision plaintiff suffered serious injuries. Cockrell was also injured.

To sustain venue in Brazoria County under exception 9 or 9a, plaintiff must establish: 1) an act of negligence occurred in Brazoria County; 2) which act was of defendant in person, or that of his servant, agent or employee acting in the course and scope of his employment; 3) that such negligence was a proximate cause of plaintiff's injuries.

The sole question here involved, is whether Thomas was acting in the course and scope of his employment by Sumners at the time of the collision.

As noted, Cockrell was a passenger in Thomas' car, going to his home for the night, and was also injured in the collision. Plaintiff introduced, and the Trial Court admitted into evidence over defendant's objections deposition testimony of Cockrell to the effect that he, Cockrell, was injured while in the course of employment of defendant; Employer's First Report of Injury to the Industrial Accident Board, which reflects that Cockrell was in the course and scope of his employment when injured; deposition testimony of defendant pertaining to filing of Employer's First Re-

port of Injury on Cockrell; Cockrell's statement and Claim for Compensation; Compromise Settlement Agreement between Cockrell and the Texas Employers Insurance Association.

Defendant vigorously contends that all of the foregoing was inadmissible. Be that as it may, all of the foregoing reflects only as to whether *Cockrell* was in the course and scope of *his* employment when he was injured; and is in no manner probative evidence as to whether *Thomas,* the owner and driver of the car, was acting in the course and scope of *his* employment at the time of the collision, which is the venue issue before the court.

■ The issue incumbent on plaintiff to prove was that Thomas, the driver, was acting in the course and scope of his employment for defendant at the time of the collision. The reports of accident and other evidence pertaining to Cockrell's claim before the Industrial Accident Board, if admissible at all, concern only Cockrell's status; they do not purport to concern Thomas in any way, and constitute no evidence that Thomas was acting in the course and scope of his employment by defendant. We think there is no evidence in the record that Thomas was acting in the course and scope of his employment with defendant at the time of the accident. In fact all of the evidence is that he was not. He had finished his work for the day, and was told to be back the next morning. Where he went, or what he did, was of no concern to, or the responsibility of defendant. It is not shown that defendant had in any manner undertaken the transportation to and from work of Thomas. Thomas was in fact in his own car going to his home, and on his own time, when the accident occurred. The only evidence concerning course and scope of employment is, if admissible, probative only as to Cockrell. There is absolutely nothing to connect Thomas' mission in any manner, with Cockrell's mission. Plaintiff has not discharged his burden to establish that Thomas was acting in the course and

scope of his employment by Sumners at the time of the collision.

The judgment of the Trial Court is reversed and rendered that defendant's plea of privilege to be sued in Matagorda County be sustained. The District Clerk is directed to comply with Rule 89, Texas Rules of Civil Procedure. Reversed and rendered.