**L. D. WHITTLE, Appellant,**

v.

**Winnie Davis SAUNDERS, Appellee.**

**No. 14444.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1965.

Blanks, Thigpin, Logan, Steib & Lewis, San Angelo, for appellant.

James E. Nugent, Carroll Cleo Haston, Kerrville, for appellee.

MURRAY, Chief Justice.

This is a venue case. The suit was instituted by Mrs. Winnie Davis Saunders in Sutton County, Texas, in the 112th District Court, against Pacific Finance Corpora-

tion, Roger Spencer, and L. D. Whittle, d/b/a Southwest Auto Sales, seeking to recover damages sustained by her as the result of a collision between an automobile driven by Roger Spencer and an automobile driven by herself. The collision occurred on Water Street in Sonora, Sutton County, Texas.

All of the defendants filed pleas of privilege to be sued in the county of their residences, which were overruled by the court. L. D. Whittle alone has prosecuted this appeal.

■ For the purpose of this appeal, we may assume that Spencer negligently drove a car belonging to L. D. Whittle against a car belonging to appellee, Winnie Davis Saunders, causing her damages, and that the collision occurred on Water Street in Sonora, Sutton County. Appellee seeks to retain venue in Sutton County as to appellant, Whittle, upon the theory that Spencer was an agent of Whittle and was acting within the course of his employment at the time he negligently collided with appellee's automobile. There is no dispute as to the fact that the automobile driven by Spencer was owned by appellant. Appellee relies upon the rebuttable presumption that the driver of an automobile is the agent of the owner and is acting in the course of his employment. Henderson Drilling Corp. v. Perez, Tex.Civ.App., 304 S.W.2d 172; Austin Road Co. v. Willman, Tex. Civ.App., 303 S.W.2d 878; Walker v. Johnston, Tex.Civ.App., 236 S.W.2d 534; Boydston v. Jones, Tex.Civ.App., 177 S.W.2d 303; J. H. Robinson Truck Lines, Inc. v. Jones, Tex.Civ.App., 139 S.W.2d 127; Alfano v. International Harvester Co., Tex. Civ.App., 121 S.W.2d 466; Globe Laundry v. McLean, Tex.Civ.App., 19 S.W.2d 94.

Appellant contends that the presumption of agency and course of duty should not be indulged where the motor vehicle was a non-commercial vehicle and unmarked or unbranded. We do not find it necessary to decide this question, as we have determined that the presumption was rebutted and dispelled by the testimony given at the hearing by Spencer.

■ The presumption of agency and course of duty is a rebuttable presumption, and one that disappears when the facts are shown. In McCormick and Ray, Texas Law of Evidence, § 53, pp. 62–63, it is stated: "Under this rule where the opponent produces sufficient evidence to justify a finding against the presumed fact the presumption vanishes and the situation is the same as it would have been had no presumption been created." Citing Empire Gas & Fuel Co. v. Muegge (Tex.Com.App.1940) 135 Tex. 520, 143 S.W.2d 763. See also Hudiburgh v. Palvic, Tex.Civ.App., 274 S.W.2d 94.

Appellee called Roger Spencer as an adverse witness and developed from him that he came to Sonora for the purpose of appraising some furniture and an automobile for the Pacific Finance Corporation and for no other purpose. His salary and traveling expenses were paid by Pacific Finance. Spencer was asked the following questions:

"Q Were you not in Sonora also for the purpose of displaying or demonstrating the car to a member of the Border Patrol?

A No, sir.

Q You had no other reason for being in Sonora except to appraise furniture?

A Yes, sir."

■ Spencer's evidence was not contradicted in any way and was sufficient to show that at the time of the collision he was not an agent of Whittle and was not in the course of any employment by Whittle.

■ Spencer's testimony was clear, positive and uncontradicted, and though he was a party to the suit it was sufficient to dispel the presumption of his agency and course of employment by Whittle, and to prevent such presumption from being indulged in. Hudiburgh v. Palvic, supra.

When the presumption that Spencer was the agent of Whittle and in the course of his employment because Whittle was the owner of the automobile driven by Spencer at the time of the collision vanished, there was no evidence remaining from which the trial court could find that such agency and course of employment existed, and therefore it erred in overruling Whittle's plea of privilege. There is no evidence that would support appellee's contention of negligent entrustment by Whittle to Spencer.

The judgment is reversed and here rendered sustaining Whittle's plea of privilege, and the cause as to Whittle is ordered transferred to the District Court of Tom Green County, in keeping with the provisions of Rule 89, Texas Rules of Civil Procedure.