**PILGRIM INDUSTRIES, INC., et al.,**
**Appellants,**

v.

**Walter Allen JONES, Appellee.**

**No. 8179.**

Court of Civil Appeals of Texas,
Texarkana.

Dec. 11, 1973.

Rehearing Denied Dec. 11, 1973.

Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellants.

John A. Cobern, Old, Moye & Cobern, Mount Pleasant, for appellee.

CHADICK, Chief Justice.

This is a venue case. At Cason, Morris County, Texas, in early January, 1971, a Corvair automobile driven by Dan Hicks collided with a Pilgrim Industries, Inc., truck driven by Roy Truman Wallace. Walter Allen Jones, an eighteen year old

high school student, was riding as a passenger in the Corvair and allegedly received "extensive and disabling" injuries. Jones, as plaintiff, instituted a common law negligence action in the District Court of Morris County to recover $74,120.00 damages, costs, etc. from Pilgrim Industries, Inc., and Wallace, the defendants in the suit. Pilgrim Industries, Inc., and Wallace, separately filed pleas of privilege to be sued in the county of their respective residences, Camp and Upshur. Jones controverted the pleas of privilege and the court consolidated the hearings on the venue issues and thereafter treated the venue proceedings as consolidated for all purposes. The separate pleas of privilege were overruled by a single order.

The one point of error briefed and urged by Pilgrim Industries, Inc., and Wallace is that the trial court erred in overruling the plea of privilege. The parties agree that the trial court judgment is founded upon Vernon's Tex.Rev.Civ.Stat.Anno. art. 1995 (9a). A review of the pleadings and evidence must be made to determine the merit of the point of error. Under the subdivision of the venue statute mentioned trial in Morris County is authorized if it is shown, in the words of the statute,

1. That an act or omission of negligence occurred in the county where the suit was filed.

2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries.

■ Jones, as plaintiff, plead that Wallace was an employee of Pilgrim Industries, Inc., and that at the time of the collision he failed to keep a proper lookout, failed to timely apply brakes, failed to turn right to avoid a collision, failed to turn left for such purpose, as well as alleging that he "drove and operated the vehicle at a greater rate of speed than an ordinary prudent person in the exercise of ordinary care would have done in the same or similar circumstances." In determining the sufficiency of the evidence to show negligence, Pilgrim Industries, Inc., and Wallace agree in their brief that all proof adverse to appellee Jones should be disregarded and consideration given only to evidence, together with reasonable inferences therefrom, tending to support the judgment rendered.

In addition to facts previously stated, the facts that support the judge's implied finding are, briefly stated in harmony with the agreed upon rule, as follows: The collision occurred in dry weather after dark, at a "T" intersection of Farm Road 144 and State Highway 11. Both are hard surfaced two-lane thoroughfares, with lanes separated by a center stripe. Highway 11 runs generally east and west, the north lane carrying westbound traffic with eastbound traffic moving in the south lane. Farm Road 144 runs generally north and south and enters the state highway on the highway's north side. At the intersection of these roads, a store building occupies a corner east of the farm road and north of the highway and is set back from the farm road ten to fifteen feet. To persons approaching the intersection on Farm Road 144, the surface of the state highway is visible eastward for 100 yards (to a point where the road dips or drops down behind a hill and carries a vehicle out of sight), and is visible for a mile to the westward. The intersection is not illuminated by street lights, but both the Corvair and truck on the pertinent occasion had headlights burning. The Corvair entered the intersection moving southward at five miles per hour and three quarters of its body length had crossed to the south side of the highway's center stripe when the collision occurred. Jones, the only witness testifying, said that just prior to collision, the truck was moving westward in the middle of the highway, straddling the center line, at sixty miles per hour; that the truck was fifty yards from the Corvair

when the Corvair reached the center stripe of the highway. Cason is referred to in the testimony as a city and the site of the collision as in "downtown Cason." The witness testified the truck did not slow down or swerve to right or left immediately before the collision. The posted speed limit for vehicles at the intersection is forty-five miles per hour.

An analysis of the proof reveals that the intersection area became visible to the truck driver as he came out of the dip in the highway for about three and one-half seconds before reaching the intersection. At the speed the truck was moving, eighty-feet per second, the Corvair was visible to the truck driver for a minimum of slightly more than one and one-half seconds before the collision. This time element may be inferred from the fact that the Corvair was moving into the highway at slightly less than eight feet per second, and the truck was fifty yards away from the point of impact at the time the Corvair reached the center line of the highway. These facts and inferences made it obvious that the Corvair did not dart out in front of the truck and that it was in the intersection and visible to the truck driver prior to collision for a period of time in which an ordinary person might react to its presence. When road conditions, time, place, speed, and the diminished control over the truck engendered by speed, are considered, there is ample proof to support a finding of negligence and proximate cause on either of the several grounds alleged in the plaintiff's trial pleading.

For the reasons discussed the order overruling the plea of privilege must be affirmed as it applies to Roy Truman Wallace. Evidence in the record pertaining to Pilgrim Industries, Inc., requires further discussion. The proof shows only that the driver of the truck was Roy Truman Wallace and that the name and emblem emblazoned on the truck was that of Pilgrim Industries, Inc. No other testimony was introduced for the purpose of showing that Pilgrim Industries, Inc., owned the truck or that Wallace was the servant, agent or representative of Pilgrim Industries, Inc., acting within the scope of his employment at the time of the collision. Both facts must be proven in order to maintain venue in Morris County.

It becomes necessary to decide whether or not the trial judge, as trier of the facts, may infer (or presume as it is sometimes stated) from testimony that the truck bore the lettering Pilgrim Industries, Inc., and such company's insignia thereon that the truck was owned by such company and also separately infer from such testimony that the driver was an employee of Pilgrim Industries, Inc., acting within the scope of his employment. There is considerable precedent for the legal precept that a given state of facts may give rise to two or more independent or parallel inferences. In such cases one inference is not based upon another as each is drawn separately from the same evidence. J. A. & E. D. Transport Co., et al. v. Rusin, 202 S.W.2d 693 (Tex. Civ.App. San Antonio 1947, no writ) ; see authorities cited in Judge Norvell's dissent in Walker v. Johnston, et al., 236 S.W.2d 534 (Tex.Civ.App. San Antonio 1951, no writ) ; see also, 23 T.J.2d "Evidence," Sec. 69. This rule has application here.

In *Walker*, Justice Norvell said : "Further, the branded car doctrine does not violate the rule 'that one presumption or inference cannot be built upon another * * *.' " Judge Norvell's statement occurred in the course of a dissent, but it is noteworthy that the San Antonio Court was not divided upon this question and that disagreement was upon another ground. Simpson v. Vineyard, 324 S.W.2d 276 (Tex.Civ.App. El Paso, 1959, no writ) appears to be precisely in point. The only evidence produced was that the truck in collision with the deceased's motorcycle bore the name "C. J. 'Chas' Simpson, Dallas, Texas." The trial judge drew the inference of ownership and the driver's agency and course of employment from such lettering. In harmony with many

prior decisions it is concluded that the brand on the truck raised both the inference of ownership and separately the parallel inference that the driver was a servant, agent or representative of the company acting in the course and scope of his employment. See also: Henderson Drilling Corporation v. Perez, 304 S.W.2d 172 (Tex.Civ.App. San Antonio 1957, no writ); Strickland Transportation Company, Inc., v. Carmona, 303 S.W.2d 851 (Tex.Civ.App. Waco 1957, no writ); Austin Road Company v. Willman, 303 S.W.2d 878 (Tex. Civ.App. Fort Worth 1957, no writ); Gladewater Laundry & Dry Cleaners v. Newman, 141 S.W.2d 951 (Tex.Civ.App. Texarkana 1940, writ dism'd, jdg. cor.); Gregg v. De Shong, 107 S.W.2d 893 (Tex.Civ. App. Fort Worth 1937, writ dism'd); Globe Laundry v. McLean, 19 S.W.2d 94 (Tex.Civ.App. Beaumont 1929, no writ); 9B Cyclopedia of Automobile Law and Procedure (Blashfields) Sec. 6056; 7 T. J.2d Automobiles, Sec. 185.

The appellants have cited Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W. 2d 354 (Tex.Sup.1971), and Shepard v. Ray, 432 S.W.2d 178 (Tex.Civ.App. Dallas 1968, no writ) as a denial that the inference discussed may be drawn from the facts shown. The cases are not in point and contain nothing contrary to the conclusion expressed here. Neither of these cases touch upon the inferences that may legitimately be drawn from a name and identifying insignia painted upon a motor vehicle. *Robertson Tank Lines* deals with the problem that arises when evidence rebuts the presumption that a driver is in the course and scope of his employment when such presumption arises from proof that the defendant owns the vehicle and proof that the driver is employed by the defendant. The basic facts of ownership and employment are not issues in the case. *Shepard* discusses a driver's course and scope of employment and concludes that the evidence in the case did not show the employee was acting "within his general authority and in furtherance of"

his employer's business. The only evidence mentioned in the case bearing upon course and scope of employment is the testimony of a witness that the driver "had just went to work" for the alleged employer and the court apparently concluded the driver turned aside from his employment and "did what he did as a personal accommodation" to another person.

It appearing that the trial judge's order is supported by legally and factually sufficient evidence, the appellants' point of error is overruled. This opinion is substituted for that heretofore rendered, appellants' motion for rehearing is overruled and the judgment of the trial court is affirmed.