**Jackie Coleman WHEELER, Appellant,**

v.

**John W. NAILLING and Deborah Lynn Nailling, Appellees.**

**No. 8292.**

Court of Civil Appeals of Texas, Texarkana.

June 17, 1975.

J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellant.

Pat Beadle, Beadle & Beadle, Clarksville, for appellees.

CORNELIUS, Justice.

This is a venue case. Appellees, John and Deborah Lynn Nailling, sued Robert Joe Flynn and appellant, Jackie Coleman Wheeler, for damages resulting from an automobile-truck collision which occurred in Red River County. The petition alleged that Flynn negligently drove a loaded gravel truck into the appellees' automobile. Liability of Wheeler was based upon allegations that he owned the gravel truck and that Flynn was his employee acting within the scope of his employment at the time the collision occurred. Flynn and Wheeler both filed pleas of privilege to be sued in Lamar County where they resided. Appellees controverted the pleas, relying upon Subdivison 9a of Article 1995, Vernon's Tex.Rev.Civ. Stat.Ann. The trial court overruled both pleas of privilege. Wheeler only has appealed.

At the hearing of the pleas, appellant Wheeler introduced no evidence. On the issue of Wheeler's liability, appellees produced only Wheeler's admission under Rule 169, Texas Rules of Civil Procedure that ". . . at the time and on the occasion of the collision made the basis of this suit the motor vehicle being operated by . . Flynn belonged to Defendant Jackie Coleman Wheeler," and evidence that Flynn negligently drove the truck into appellees' vehicle. There was no direct proof that Flynn was employed by Wheeler or was within the scope of any such employment at the time of the collision. The question to be determined is whether proof only that Wheeler owned the truck at the time of the collision was sufficient, in the absence of any evidence to the contrary, to prove *prima facie* that Flynn was his employee and was acting within the scope of his employment. In the context of this case we conclude that such proof was sufficient.

To sustain venue against Wheeler in Red River County, appellees in this case were required to prove that (1) Flynn committed negligence in Red River County proximately causing appellees' damages, (2) Flynn was the agent or employee of Wheeler, (3) acting in the scope of his employment. Subdivision 9a, Article 1995, Tex.Rev.Civ. Stat.Ann.

It has long been the majority rule in the United States that, in the absence of any evidence to the contrary, proof that a defendant owned the vehicle used by the negligent driver raises a presumption that the driver was the agent or employee of the owner and was acting at the time in the scope of his employment. 1 C. McCormick & R. Ray, Texas Evidence Sec. 97 (2d ed. 1956); Annotations 42 A.L.R. 898; 74 A.L.R. 951; 96 A.L.R. 634; Blashfield, Cyclopedia of Automobile Law and Practice Sec. 6066 (1954). There has been a division of opinion in the Texas Cases which have considered this point. At one time most of the Texas Cases confined the rule to a presumption of scope of employment arising from proof *both* that the defendant owned the automobile and that the driver was his employee. *Broaddus v. Long,* 135 Tex. 353, 138 S.W.2d 1057 (1940); *Kirk v. Harrington,* 255 S.W.2d 557 (Tex.Civ.App., Fort Worth 1953, no writ); *Moreland v. Hawley Independent School Dist.,* 163 S.W.2d 892 (Tex.Civ.App., Eastland 1942, no writ); *Longhorn Drilling Corporation v. Padilla,* 138 S.W.2d 164 (Tex.Civ.App., Eastland 1940, no writ); 1 C. McCormick & R. Ray, Texas Evidence Sec. 97 (2d ed. 1956) note 23 and cases cited. Now however, the greater weight of authority in Texas, particularly among the more recent decisions, is that proof of ownership alone is sufficient to raise both the presumption of employment and scope of employment where there is no evidence to the contrary. *Strickland Transportation Co. v. Ingram,* 403 S.W.2d 192 (Tex.Civ.App., Texarkana 1966, writ dism'd); *Whittle v. Saunders,* 396 S.W.2d 155 (Tex.Civ.App., San Antonio 1965, no writ); *Henderson Drilling Corporation v. Perez,* 304 S.W.2d 172 (Tex.Civ.App., San Antonio 1957, no writ); *Alfano v. International Harvester Co. of America,* 121 S.W.2d 466 (Tex.Civ.App., Dallas 1938, writ dism'd); *Boydston v. Jones,* 177 S.W.2d 303 (Tex.Civ.App., Amarillo 1944, no writ); *Waco Cotton Oil Mill of Waco v. Walker,* 103 S.W.2d 1071 (Tex.Civ.App., Waco 1937, no writ). It is even held that a *presumption of ownership* arising from proof of other facts is sufficient to raise the parallel inferences of employment and scope of employment. *Pilgrim Industries, Inc. v. Jones,* 503 S.W.2d 861 (Tex.Civ.App., Texarkana 1973, no writ); *Simpson v. Vineyard,* 324 S.W.2d 276 (Tex.Civ.App., El Paso 1959, no writ); *Gladewater Laundry & Dry Cleaners, Inc. v. Newman,* 141 S.W.2d 951 (Tex. Civ.App., Texarkana 1940, writ dism'd jdgmt. cor.); *J. H. Robinson Truck Lines, Inc. v. Jones,* 139 S.W.2d 127 (Tex.Civ.App., Galveston 1940, no writ); *Kirklin v. Standard Coffee Co.,* 114 S.W.2d 263 (Tex.Civ. App., Dallas 1938, no writ); *Gregg v. De Shong,* 107 S.W.2d 893 (Tex.Civ.App., Fort

Worth 1937, writ dism'd); *Harper v. Highway Motor Freight Lines,* 89 S.W.2d 448 (Tex.Civ.App., Dallas 1935, writ dism'd); *Globe Laundry v. McLean,* 19 S.W.2d 94 (Tex.Civ.App., Beaumont 1929, no writ). Whatever view is taken of the evidence required to raise it, the presumption is not evidence but is a mere rule of procedure which disappears and passes out of the case when contrary evidence is produced. *Robertson Tank Lines, Inc., v. Van Cleave,* 468 S.W.2d 354 (Tex.1971); *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763 (Tex.Com.App.1940, opinion adopted). But in the absence of such contrary evidence, it is sufficient *prima facie* proof to sustain venue in the county where the negligence occurred.

The difficulty of proof, on behalf of an injured person, of the existence of a driver's agency and scope of employment, and the comparative ease with which the counterpart of these situations may be proved by the owner in possession of all the facts, support the adoption of the majority rule. As said by Chief Justice Langdon in *Simpson v. Vineyard,* supra, if the presumption was not correct, ". . . no one was in a better position to establish that fact . ." than the owner.

In the case at bar, the ownership of the truck was admitted and therefore established without dispute, thus making this a stronger case for the presumption than those cases where ownership itself is presumed from the proof of other facts.

Appellant cites *Sumners v. Curry,* 347 S.W.2d 22 (Tex.Civ.App., Waco 1961, no writ) as supporting his position, but that case is distinguished. As indicated in the statement of facts in the *opinion* of that case, the car there was owned by the negligent driver rather than by the nonresident defendant who was alleged to be the driver's employer.

As the undisputed proof showed that the truck negligently driven by Flynn was owned by Wheeler, the trial court was au-

thorized to presume, in the absence of any controverting evidence, that Flynn was Wheeler's employee acting within the scope of his employment. The plea of privilege was therefore properly overruled.

The judgment of the trial court is affirmed.